FILED
OCT 2 1 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEANDER G. DAVIS, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. **09 1990** |
| WILLIAM K. SUTER, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint  The Court will grant the application and dismiss the complaint.

Plaintiff describes himself as a "Political Prisoner" who "is presently being Illegally detained and Unlawfully Restrained" in a Pennsylvania correctional institution "for Crimes and Offenses HE DID <u>NOT</u> COMMIT[.]" Compl. at 5 (emphasis and capital letters in original). He brings this civil rights action against the Clerk of the Supreme Court of the United States and two prosecutors in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff appears to allege that the prosecutors improperly influenced the Clerk of the Supreme Court through their filings in the lower courts in such a way that the Clerk rejected plaintiff's petition for a writ of certiorari.

Generally, prosecutors enjoy absolute immunity from a damages lawsuit predicated on

their "initiating a prosecution and [] presenting the [government's] case." *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976); *see Moore v. Valder*, 65 F.3d 189, 193-94 (D.C. Cir. 1995) ("Advocatory conduct protected by absolute immunity 'include[s] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)), *cert. denied*, 519 U.S. 820 (1996).

The Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders. *See* Sup. Ct. R. 1. This Court has no authority to determine what action, if any, must be taken by the Justices of the Supreme Court and the Supreme Court's administrative officers. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.), *cert. denied*, 506 U.S. 844 (1992). In any event, judges and other court officials have absolute immunity for their actions taken in a judicial or quasi-judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

The Court will dismiss this action with prejudice for failure to state a claim upon which relief can be granted and because the complaint seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/

United States District Judge

Date: 10/5/09